PER CURIAM.
Petitioner, Teachers Insurance Company, seeks certiorari review of an order of the trial court allowing Respondents, David and Mary Jo Loeb, to discover attorney-client privileged information in this bad faith action brought pursuant to section 624.155, Florida Statutes. We deny in part and grant in part the petition for writ of certiorari.
In this action, Respondents filed a motion to compel the discovery of certain attorney-client communications. The trial court granted the motion and found that Petitioner had waived the attorney-client privilege in regard to the payment of checks to Minute Men Construction and in regard to the basis of Petitioner withdrawing an affirmative defense of fraud and misrepresentation in the underlying breach of contract action. The trial court based its findings on the deposition testimony of Petitioner’s corporate representative, David Harkin. We agree that Mr. Harkin disclosed confidential communications about the payment of checks to Minute Men Construction during his deposition and that he created a limited waiver of the attorney-client privilege as to that issue. Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So.2d 504, 511 (Fla. 2d DCA 2006) (“When attorney-client communications are disclosed regarding a certain matter, there exists a limited waiver with respect to communications on the same, specific matter.”)
However, the trial court departed from the essential requirements of the law when it found a waiver of the attorney-client privilege on the issue of the decision to withdraw the fraud affirmative defense. Mr. Harkin did not disclose any specific discussions with counsel as to this issue, and his admission that the issue was discussed with counsel is insufficient to support a waiver of the privilege. Id. at 511 (“The client does not waive the privilege by testifying generally in the case or testifying as to the facts that were the subject of the consultation with his or her attor *357 ney....”) Moreover, Petitioner did not plead an affirmative defense of advice of counsel in this bad faith action and Petitioner’s counsel specifically stated on the record during Mr. Harkin’s deposition that Petitioner was not relying on such a defense. Petitioner did not waive the attorney-client privilege by merely defending against this lawsuit. Id. at 508.
The petition for certiorari in this case is granted in part, and the order is quashed to the extent that it requires the production of confidential information regarding the withdrawal of the affirmative defense. We otherwise deny the petition.
GRANTED in part and DENIED in part.
DAVIS, VAN NORTWICK, and THOMAS, JJ., concur.